**FILED**
**U.S. District Court**
District of Kansas

MAY **0 2** 2022

**Clerk, U.S. District Court**
By _____ **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

        Plaintiff,

v.

        Case No. 20-CR-10073-EFM

BRYAN ANTHONY HALE

        Defendant.

### PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Jason W. Hart, and the defendant, Bryan Anthony Hale, personally and by and through his counsel, James Pratt, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.    **Defendant's Guilty Plea.**  The defendant agrees to plead guilty to Count(s) 1 of the Indictment charging a violation of 18 U.S.C. § 2251(a), that is, Production of Child Pornography.  By entering into this Plea Agreement, the defendant admits to knowingly committing the offense(s), and to being guilty of the offense(s).  The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which he has agreed to plead guilty is not more than fifty[1] (50) years nor less than twenty-five (25) years of imprisonment, a fine of up to $250,000.00, a term of supervised release of not less than five (5) years and up to life, a $100.00 mandatory special assessment, an assessment of $5,000.00 pursuant to the Justice for Victims of Trafficking Act (JVTA), an assessment of not more than $50,000.00

---

[1] The defendant acknowledges and agrees that his prior convictions in Sedgwick County Case 15-CR-1609 for Aggravated Indecent Solicitation of a Child Less than 14 years old (2 counts) activate the enhanced statutory penalty range of 25-50 years in 18 U.S.C. § 2251(e).

pursuant to the Amy Vicky and Andy Child Pornography Victim Assistance Act (AVAA), and restitution. The defendant further agrees to forfeit property or money to the United States, as agreed.

2.    **Factual Basis for the Guilty Plea.**    The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> The defendant Bryan Anthony Hale admits that, in September 2020, he began a relationship with a minor born in 2003. The minor's parents, believing Hale (then 35 years old) to be 19 years old, allowed the minor to stay in Hale's care and custody, in Wichita, Kansas, over the next several weeks. Between September 27, 2020 and October 20, 2020, the defendant cultivated a sexual relationship with the minor. On or about October 8, 2020, the defendant engaged the minor in sexual intercourse and took pictures of the minor's naked genital area with his ejaculate on her thigh. These images were later found on his Samsung Galaxy S8 smartphone, along with other child pornography images.

> At the time of his involvement with the minor, the defendant was a registered sex offender on parole for his convictions in Sedgwick County case 15-CR-1609.

3.    **Application of the Sentencing Guidelines.**    The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4.      **Relevant Conduct.**  The parties have agreed to the application of the Guidelines.

Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all

other uncharged related criminal activity, will be considered as relevant conduct for purposes of

calculating the offense level for the count(s) of conviction, in accordance with United States

Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.      **Government's Agreements.**  In return for the defendant's plea of guilty as set forth

herein, the United States Attorney for the District of Kansas agrees:

(a)     to dismiss the remaining counts of the Indictment at the time of sentencing;

(b)     to not file any additional charges against the defendant arising out of the facts
        forming the basis for the present Indictment;

(c)     to recommend the defendant receive the three (3) level reduction in the applicable
        offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility, because he
        timely notified the government of his intention to enter a plea of guilty;

(d)     to join the defendant in recommending a sentence of 300 months (25 years),
        followed by ten (10) years of supervised release;

(e)     to agree that the JVTA assessment may be waived due to the defendant's indigent
        status; and

(f)     to agree the parties may argue their respective positions regarding the AVAA
        assessment.

The United States' obligations under this Paragraph are contingent upon the defendant's

continuing to manifest an acceptance of responsibility.  If the defendant denies or gives conflicting

statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court

determines to be true, willfully obstructs or impedes the administration of justice, as defined by

U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct,

the United States reserves the right to petition the Court for a hearing to determine if he has

breached this Plea Agreement.

3

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6.     **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7.     **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: Samsung Galaxy S8 smartphone. The defendant agrees that this property was used to commit the offense in Count 1. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost

4

of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.     **Restitution.** The defendant acknowledges that his conduct involved the Production of Child Pornography involving a minor, for which restitution is authorized and mandated pursuant to 18 U.S.C. § 2259(a). At this time, no restitution has been requested by the minor or her representatives. The defendant understands and agrees that, if the victim or her representatives submit a request for restitution, he will pay for the full amount of the victim's losses, as contemplated in 18 U.S.C. § 2259(b)(1), as determined by the Court.

The defendant acknowledges that his conduct involved the possession of child pornography images of numerous real individuals, who are victims in this case meaning they are individuals harmed as a result of a commission of a crime under Chapter 110 of Title 18. The defendant agrees to pay restitution in an amount of $3,000 per identified victim from his collection that requests restitution prior to sentencing, including victims associated with any dismissed counts.

9.     **Payment of Special Assessment.**  The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing.  The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing.  The defendant has the burden of establishing an inability to pay the required special assessment.    The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

5

10.     **Payment of Assessments in Child Pornography Cases.**  The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $50,000.00 for the defendant's conviction under Count 1. The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment. The parties agree they will argue their respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's determination within the statutory range.

11.     **Payment of JVTA Assessment.**  The defendant understands that an assessment pursuant to the Justice for Victims of Trafficking Act (JVTA) of $5,000.00 shall be imposed for Count 1, unless the Court determines the defendant is indigent (or if the JVTA is not extended by Congress). The defendant has the burden of establishing indigency. The parties acknowledge that if the Court finds the defendant is without resources to pay the JVTA assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

12.     **Withdrawal of Plea Not Permitted.**  The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

13.     **Waiver of Appeal and Collateral Attack.**   The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his

6

sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject

7

only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16.     **Megan's Law/Adam Walsh Act Notice.**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17.     **Parties to the Agreement.**  The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18.     **Voluntariness of Guilty Plea.**  The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any

8

threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.


JASON W. HART
Assistant United States Attorney

Date: 5/2/2022


AARON L. SMITH
Assistant United States Attorney
Supervisor

Date: 5/2/2022


BRYAN ANTHONY HALE
Defendant

Date: 5/2/22


JAMES R. PRATT
445 N. Waco
Wichita, KS 67202
Counsel for Defendant

Date: 5/2/22